968 F.2d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Kenneth Lyndon HARRISON, Defendant-Appellant.
 No. 91-7595.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 21, 1992
Decided: July 24, 1992
 
 Kenneth Lyndon Harrison, Appellant Pro Se.
 Harry Thomas Church, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 Before RUSSELL, HALL, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 This Court remanded this case to the district court with instructions to make findings regarding the circumstances of the filing of a letter from Appellant in which he expressed an intent to appeal. The letter was stamped filed in the district court within the time limits of Fed. R. App. P. 4(b). This Court further ordered that the district court determine whether Harrison demonstrated excusable neglect. The district court determined that the letter was never filed in that court and that Harrison had not demonstrated excusable neglect. The court then denied Harrison's motion to file an untimely appeal. Because the court's factual findings are not clearly erroneous, we affirm.
 
 
 2
 Harrison was incarcerated in November 1990 for drug convictions, and his Judgment and Conviction order was entered on December 17, 1990. He filed a motion requesting permission to file a late notice of appeal in April 1991. The district court denied the motion on the grounds that it was untimely; Harrison noted a timely appeal from that order and this Court affirmed the district court. United States v. Harrison, No. 91-7595 (4th Cir. Aug. 20, 1991) (unpublished).
 
 
 3
 In his rehearing petition, Harrison attached a copy of a letter that is stamped filed in the district court on January 9, 1991. Harrison expressed an intent to appeal in the letter. Since the letter was apparently filed in the district court within the time limits of Fed. R. App. P. 4(b), this Court granted Appellant's petition for rehearing and remanded the case to the district court to determine whether Harrison demonstrated excusable neglect. On remand, the district court determined that Appellant had not demonstrated excusable neglect and again denied the motion to file an untimely appeal. The court did not refer to the January 1991 letter.
 
 
 4
 This Court again remanded the case to the district court with instructions for the court "to make findings regarding the circumstances of the filing of the letter and to determine, again, whether Harrison has demonstrated excusable neglect." United States v. Harrison, No. 91-7595 (4th Cir. Mar. 12, 1992) (unpublished). The case is now before the panel for review of the district court's most recent order.
 
 
 5
 In its order, the district court determined that it"never had the letter" of January 1991 and attached to its order an affidavit from the Clerk of Court stating that there was no record of the court's ever receiving the letter and that no one in the clerk's office had any recollection of receiving the letter prior to receiving a copy from this Court. Thus, even though the copy of the letter bears a stamp from the district court that it was filed there on January 9, 1991, the court on remand found that the letter was never filed in that court.
 
 
 6
 This Court must apply the clearly erroneous standard to test the validity of the district court's finding of fact that the January 1991 letter was never filed in that court. That finding of fact must be upheld unless we are "left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Since the district court's findings are supported by an affidavit from the Clerk of Court, we find that they not clearly erroneous. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED